**The document below is hereby signed.**

**Dated: May 8, 2012.**



_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
JOHN MICHAEL FITZPATRICK,     )    Case No. 11-00959
                              )    (Chapter 11)
          Debtor.             )
                              )    Not for Publication is
                              )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING MOTION TO RETITLE
BANKRUPTCY CASE

The debtor, John Michael Fitzpatrick, has filed a motion to retitle his bankruptcy case as "In re John Michael Fitzpatrick, John Michael Fitzpatrick Trust." His motion states that both he individually and the John Michael Fitzpatrick Trust are petitioners in this case.[1] The motion will be denied.

A joint bankruptcy case under title 11 of the United States Code may only be filed by "an individual that may be a debtor under such chapter and such individual's spouse." 11 U.S.C. § 302. To the extent Fitzpatrick's motion attempts to assert that his petition was actually a joint petition filed by both

---

[1] Fitzpatrick's chapter 11 voluntary petition lists the "John Michael Fitzpatrick Trust" on the line provided for "All Other Names used by the Debtor in the last 8 years."

himself and the trust, his motion is denied.  A joint case cannot be commenced by an individual and a trust.  Fitzpatrick filed a petition naming himself, John Michael Fitzpatrick, as the debtor and he remains the appropriate - and only - debtor in this case.[2]  For these reasons, it is

    ORDERED that the debtor's motion to retitle the case (Dkt. No. 92) is denied.


                                                         [Signed and dated above.]

Copies to: Debtor; recipients of e-notification.

---

[2] Moreover, a trust is not eligible to be a debtor in bankruptcy unless it qualifies as a business trust.  See 11 U.S.C. §§ 101(9)(A)(v), 101(41); 109(d); In re Cahill, 15 B.R. 639, 639 (Bankr. E.D. Pa. 1981).